Okay this is a case of NBC Subsidiary WMAQ-TV LLC v. the City of Chicago Police Department and Office of Emergency Management and Communications on 1240629. You have before you Justice Cynthia Cobb, Justice Terry Lavin, Justice James Fitzgerald Smith. Our procedure basically is the appellant goes first is 10 to 15 minutes. Usually we don't interrupt unless you get off on a tangent then we ask questions and then the appellee does the same and then the conclusion. With that the appellant may start. Thank you very much your honors. Before I begin I'm not sure if there's a visual notification when we reach time but I just want to let the court know that I'm blind so if there is some sort of visual notification I would appreciate it if there'd be some way to get sort of an audio cue just so I don't go on for ad nauseum. I'll give you a I would appreciate that. Thank you very much your honor. May it please the court? Let me ask you first why was this case not just refiled after you got your decline? Sure your honor. I think a couple of reasons. One there are several plaintiff has brought several similar requests to this. This is a broader issue that the appellant has been investigating as part of their reporting over the course of years and so it's important to to plaintiff to get this issue resolved so that we don't have repeats of this situation and so that in future plaintiff can obtain this information in a more timely manner without having to you know wait for wait for what we believe to be unnecessary time to pass. All right proceed. Thank you your honor. And good afternoon again your honor. My name is my name is Josh Lobey and I represent the appellant here and we are asking this court to reverse the circuit court's grant of summary judgment to Appley and we're asking it to do so for two reasons two deficiencies in Appley's underlying case. The first being that the appellee has failed to do the work necessary to establish by clear and convincing evidence that a FOIA exemption 71d applies to the withheld records and second that the that that again the appellee has failed to establish by clear and convincing evidence that the body-worn camera act prohibits the release of these records and in both instances it's our position that the appellee is adopted an all-or-nothing approach and in opposition to the more nuanced standard that FOIA demands. So first with regards to 71d I think it's useful if I may just kind of give some of the broader context for what types of what information was public and may and released to the the city at large at the time the plaintiff made excuse me made the underlying request in this case. By the time that the appellant had submitted their FOIA request the city had already released a community alert. I should also say this this as your honors know case relates to a a hit and run death that remains an open case to this day but at the time that that appellant made the request at issue the city had already released a community alert which provided quite a bit of information about the suspect vehicle including its make and model license plate number some information about the direction of travel it left after the accident as well as some other things that the the suspect driver had done around the time of of the hit and run. Subsequently the appellant also was able to purchase a crash report directly from the city of Chicago that contained significant amounts of information related to this case including witness names and descriptions of the things that those particular witnesses saw. So I think that's a useful backdrop to understand to place defend appellants excuse me appellees response in a little bit of context because when appellee denied plaintiff's request claiming that it is the materials are exempt under 7.1d they cited harms related to the very information that they themselves had already released in fact made a point of making as public as they possibly could to advance the early portions of their investigation. Now once the the request was made essentially the city was trying to put the toothpaste back in the tube to an extent they were trying to claim that release of the information again some of which overlaps with what they had already released would in fact endanger their now endanger their investigation by potentially prejudicing witnesses and giving the suspect information about the the extent of jeopardy that they could be in where the investigation stands. But again those claims are significantly diluted if not completely washed away by the fact that much of this information had already been made public by defendant itself and so to claim that these conclusory harms that defendant or excuse me that appellee has has has pointed to not just could endanger their investigation but in fact would interfere with their investigation is simply not supported by the declarations that they have offered in support. Again the standard that FOIA requires is a public body to establish by clear and convincing evidence that is as your are well aware an elevated standard in which the fact finder cannot be left in any reasonable doubt that the particular exemption applies. Instead what we have here are conclusory allegations that are included in in appellee's declarations and support that aren't tied in any level of detail to to the records themselves and so what should have happened at that point is under under this under FOIA and under this court's past precedent the circuit court should have conducted an in-camera review because appellee failed to establish their claim and looked for itself to determine whether or not there are portions of these records that could have been released and should have been released because at the end of the day the the guiding star one of the guiding stars of FOIA is the idea that exemption should be construed narrowly and that where possible all non-exempt information should be released and it has been held time and again that it is irrelevant to what extent a particular document must be redacted in order for it to be released. A public body is still required to do that work to conduct a review of the record to only redact those things that it can support its exemption claim on and release everything else and it's not able to make value judgments about what the value of what's left behind they are required to do that level of work and it simply did not occur in this case your honors. Appellee provided again high-level statements which were undermined by the city's own actions and rather than can do the legwork of establishing those claims essentially appellee waved their hands over it and and claimed that the entirety of the file was exempt and again at that point the circuit court under this court's past precedent should have conducted an in-camera review because it did not do so we asked this court to reverse the lower court's finding that exemption 7.1d applies and remain this case for the that in-camera review so that a more in-depth analysis can be done of these records to determine what in fact can be released and what is properly exempt. I do just want to note briefly that it is not plaintiff's position that this is an all-or-nothing proposition. It is certainly the case that there could be portions even large portions of these records that are properly exempt. It's not plaintiff's or appellant's position that this court this court must remand and order everything to be released instead again the the court could do the in-camera review that would take the place of the type of review that the public body should have done in the first place. I would next if I may like to turn to the body-worn camera act and again we would ask that this court reverse the circuit court's determination that release of the body cam video specifically is prohibited by that that statute. Now the parties agree that the sort of governing dispute here is whether or not the subjects of that video had a reasonable expectation of privacy the time that was taken and under the definition that the legislature suggested it it intended to apply to the body-worn camera act that standard is both a subjective standard of whether a particular individual had an expectation of privacy as well as as whether it's the type of that that expectation is the type of of privacy that society is prepared to recognize and that's of course coming from the cat's decision and and its progeny and and so it's a relatively straightforward analysis as to what what is meant by a reasonable expectation of privacy but defendant or appellee takes attempts intends to take it a little bit of a different direction because in here in this particular instance they conflate the analysis related to a reasonable expectation of with the the types of privacy interests that are that could be implicated in that video or I'm sorry in that content and again they're attempting to to draw an all or nothing standard where they cite specific privacy interests that could potentially be implicated by release of this record they try to use that to essentially throw a sheet over the entirety of the body-worn camera video and withhold it all but again that's not what plaintiff is asking was asking the lower court to do and not what what we're asking this court to do now instead FOIA provides a vehicle to vindicate those privacy interests uh exemption 7.1c which is not an issue before your honors today but does provide a vehicle for the types of privacy concerns that appellee has cited to be addressed but but what it is instead trying to do is sort of have its that a privacy interest is implicated and so the record should not be released without subjecting that privacy interest to the balancing test that FOIA has made clear must apply because where where a particular privacy exemption is claimed under FOIA any unwarranted invasion of privacy must be balanced against the public interest but because but plaintiff hasn't had the opportunity to do that here because the standard is different should be different under the body-worn privacy act or excuse me the body-worn camera act as as the legislature intended once it is determined that a particular uh body-worn camera can be released a public body then has the opportunity to vindicate any privacy concerns it may have by applying exemption 7.1c at which time plaintiff can then or requesters can then evaluate those claims and potentially raise any kind of public interest that might outweigh those claims or indeed determine that that it agrees and that there are certain that there are certain portions that can and should be withheld and so what we're asking here is for is for the opportunity to do that again this should not be in the court and the legislature did not intend for this to be an all or nothing proposition based on on the implication of privacy interests all the court should look at here is whether or not the subjects of the video had a reasonable expectation of privacy in this given case and defendant has simply failed to establish at any level let alone by clear and convincing evidence that that was the case and so for that reason again we would ask that this court reverse the circuit court's determination that the body-worn camera act prohibits release of the video and review of the body-worn camera itself for further proceedings at the circuit court unless your honors have any other questions that that's all i have for now questions none from me i just have one question miss levy if you don't mind so as it relates to the reasonable should have been allowed to view the body cam and then participate in the decision about the expectation of privacy no your honor and i'm sorry sorry if i was unclear on that point i think our position is that once because there was a a reasonable expectation of privacy in this case at that point defendant would then have should then have gone through the process of redacting the the body-worn camera video with the what it believed to be the appropriate redactions and then at that point based on what they offered in support of those those exemption claims plaintiff could then make a determination about whether or not it wished to challenge them but no and until until you know the video was released as either not exempt or a court determined that the city failed to meet its burden of establishing exemption claim only in those circumstances would plaintiff ever get to see it so do you have any concern that the release of such body cam information where witnesses identifications are disclosed might have a chilling effect on the investigative process i think your honor that that concern again is is sort of abrogated by the fact that this witness information has been freely released by the public body already uh in in its both its crash report uh or excuse me in the crash report that it that it still makes available to anybody who wants to spend the six dollars to get it i think to the extent that that concern is based specifically on individuals privacy that's something that can be best addressed by by 7-1-c because it's it's meant that exemption is targeted specifically at privacy interests as opposed to that expectation of privacy but to the extent that the concern is based on whether or not releasing information about those witnesses would interfere with an ongoing investigation again i don't think the defendant has met their burden of showing that that is in fact the case here especially given the information that they've already released to the public i have nothing else justice smith thank you your honors appellee you may proceed thank you good afternoon your honors may it please the court the city properly complied with foia nbc requested records pertaining to the city's ongoing investigation into a fatal hit and run accident the responsive records include documents revealing the progress of the investigation and the nature and extent of the evidence pod camera footage showing the path of the suspect's vehicle which was unknown to the public and highly sensitive body camera footage taken at the scene of the accident depicting the victim receiving treatment and witnesses including a friend of the victim describing the accident to the police all of these records are exempt under section 7-1-d-1 of foia further release of the body worn camera footage is prohibited by the law enforcement officer worn body camera act for these reasons summary judgment for the city was proper and the judgment of the circuit court should be affirmed i will begin by addressing 7-1-d 7-1-d-1 i will then address the body worn camera act so to begin the city proved by clear and convincing evidence that all of the responsive records are exempt under section 7-1-d-1 which exempts records where disclosure would interfere with pending or actually and reasonably contemplated law enforcement proceedings the city's affidavit explains that at the time of nbc's requests the perpetrator of the fatal hit and run accident remained at large and investigators were still identifying and speaking with witnesses in particular the affidavit explains that cpd was actively investigating at least one specific individual who had not yet been arrested and releasing the responsive records would have alerted the perpetrator to the nature and progress of the investigation and reveal how much evidence the police have against them this would allow the perpetrator to take steps to evade detection and capture or to attempt to flee the jurisdiction to avoid arrest and would also allow them to create an alibi or fabricate evidence the affidavit also explains that the records contain witness statements and likenesses and thus revealing them could put witnesses at risk of harm from retaliation and make them less candid and cooperative with investigators and in this case the suspect has a history of convictions for violent crimes which heightens that risk release could also alter the memory of witnesses meaning investigators would be unable to determine the veracity of their statements all of this was more than sufficient to carry the city's burden indeed the affidavit here addresses all of the same concerns as the affidavit this court found sufficient in blue and is in fact even more detailed than that affidavit and contrary to nbc's contention the city has not attempted to evoke invoke sort of a blanket exemption or an all or nothing exemption the affidavit specifically identifies all of the responsive records describes the information contained in each of them and explains how release of that information would interfere with the investigation nor did the city's release of a limited amount of information in the crash report and the community alert undermine its reliance on the exemption these documents do not reveal the nature and extent of the evidence that cpd has gathered against the suspect nor do they capture the likenesses or voices of the witnesses all of the narrative details of their statements visuals of the scene of the accident or video footage of the path of the suspect's vehicle plus if we look at the format of the prior releases you know the traffic report in particular it's it's a shorthand very dry details of the witness statements and that is far different than the sort of attention grabbing videos that we have here that can be widely disseminated across the social media and the internet drawing the attention of the perpetrator the public and the witnesses themselves for all of these reasons the city has satisfied its burden of proving that the responsive records are exempt under section 7 1 d 1 and summary judgment was proper on that basis alone but also the city properly withheld the body worn camera footage under the body camera act as as plaintiff pointed out the only dispute with regard to the act is whether the subjects of the videos had a reasonable expectation of privacy at the time of the recordings and they plainly did the victim was captured on video receiving medical treatment in the back of an ambulance it is well established that individuals have a strong privacy interest in their medical information and are particularly vulnerable and thus entitled to privacy when receiving treatment the witnesses too had a privacy interest here they were giving statements to the police regarding a violent crime as the city's affidavit explained witnesses in such a situation are at risk of retaliation this not only threatens their safety but also makes them less likely to cooperate with police for these reasons courts have recognized that witnesses should be able to maintain their privacy moreover one of the witnesses was a friend of the victim who was with her when the accident occurred and was no doubt in a vulnerable state when speaking with the police describing this traumatic experience and she is entitled to privacy for that reason as well thus summary judgment for the city was also proper with respect to the body worn camera footage i would also like to address briefly two points raised by the plaintiff so first regarding the privacy interest um a plaintiff has asserted that we need to look to the fourth amendment privacy reasonable expectation of privacy and we as we explain in our brief certainly under the fourth amendment reasonable expectation there's no rule that all public interactions with police on public streets are public that there's there certainly are privacy interests that can be recognized in those situations but i would also like to point out that the fourth amendment protects government searches and seizures whereas in this case we're dealing with you know release of private information to private parties like news outlets who can use that and use that information to disseminate it across the internet for wide release and and the so the foyer interests encasing in some of the other cases that we cite in our brief involving protective orders and discovery those cases are more on point those deal with release of private interactions private information to third parties such as such as nbc in this case such as media outlets um rather than um the interest of governments the interest of the government which is protected by the which the fourth amendment addresses um so for those reasons uh the foyer cases the understanding the expectation of privacy we need to look to how that that expectation is understood under under foyer in similar circumstances rather than specifically the fourth amendment privacy interest cases although under that line of reasoning as well as cats itself points out um not all public interactions are public in this case clearly the the witnesses had a reasonable expectation of privacy it is the body worn camera act itself has under has recognized that witnesses may have an expectation of privacy um and for that reason um as well the body worn camera footage is um sorry summary judgments the city was proper with the body worn camera footage um i would also like to address plaintiffs um comments about in-camera review so the law has been clear is clear in illinois that in-camera review is not appropriate where the city or where an agency has satisfied its burden through affidavits which the city has here and uh as well in-camera review would have very limited use here as the investigator of the incident um the one who prepared the affidavit he is in the best position to understand how release of the specific information in the records would um interfere with the ongoing investigation he is certainly in a better position than the circuit court would be in understanding that information and that is why illinois courts um of cord uh an agency's affidavit a presumption of good faith and the office the city's affidavit in this in this case it was extremely detailed it was more more detailed than the affidavit that this court upheld in baloo baloo under very similar circumstances and it certainly isn't entitled to that presumption of good faith however if this court were to find that the city's f were to conclude that the city's affidavit was um somehow insufficient then we would say that the next step would be remand for in-camera review rather than ordering release of the records and i would also just like to point out one more thing um so plaintiff has argued that we could simply redact you know potentially blur the in the the faces of the the witnesses in the videos redact other such information but redactions would not address all of the concerns um that are present in release of these records so um redacting would not um address would would not protect um you know the progress of the investigation all the details of the witness statements and i would also like to point out that the body camera act itself it prohibits release of recordings not specifically information in recordings and does not contemplate it does not necessarily it does not allow for um recordings to be released with um images of the witnesses or subjects of the video subjects of the videos i mean it certainly doesn't require an agency to um release videos that are otherwise prohibited from release with redactions so for that reason as well uh the city is entitled to summary judgment any questions none for me i have nothing all right um joshua you can do your clothes thank you very much your honors and i'll try to keep it brief here uh if i if i may start with with the body one camera act uh discussion the council just engaged and i want to make a couple of points here first the idea that uh or i should say that the idea of this reasonable expectation of privacy analysis rooted in the fourth amendment that's expressly brought into this statute both by its plain language and by the legislative history the idea that it's tied so so it's tied very directly and very explicitly to this fourth amendment analysis rooted around a reasonable expectation of privacy and again what that what that all that all that covers is whether or not this record can be released that's to say nothing of whether or not it can be released in its entirety because that's a wholly wholly separate discussion and so i do want to respectfully disagree with with well i guess agree to the extent the council stated that the body worn camera act doesn't contemplate redaction i think that's that's absolutely true but the body worn camera act itself isn't the basis for release of the records here that is the freedom of information act and the freedom of information that's an act itself explicitly permits a record to be redacted not only that but it explicitly permits a public body to redact a record to protect certain privacy interests that's the entire purpose of section 7 1 c and so while the the point the body worn camera question is simply an up-down can this video be released it's sort of a yes or no we maintain that under the intended uh now reasonable expectation of privacy analysis the answer to that question of what portions of this video can be released and what portions can be properly withheld that's a discussion that wasn't had in a level of detail based on the low records determination that the body worn camera act applied but we ask that on remand that is the type of discussion that could proceed and one final point on that again i do want to clarify that plaintiff is not claiming here that everything in the body cam must be released certainly there are aspects that plaintiff isn't even seeking you know any kind of graphic material uh or or you know the certain other certain other types of record these aren't these aren't what necessarily plaintiff is even seeking the fact is the parties weren't able to get into that discussion uh at any level of depth because the court found that the body worn camera act applied finally on the on the 7 1 d issue i do just again want to note the incongruity of defendant's position here while at one time providing significant detail about uh the suspect and their vehicle and the actions that they took and on the other hand claiming that release of that or similar information would somehow put this suspect on notice that they uh are in fact still a suspect or are still being investigated the fact that this individual that release of these records would in some way i guess let this suspect know any more than they already do that they are a suspect in this claim in this in this crime sort of strains strains credulity and and again that's the reason that a more in-depth analysis by by the circuit court was necessary again it's a two-step process did the public body meet their burden of establishing the exemption claim we maintain that they did not and only at that point then would an in-camera review be appropriate we maintain because defendant has failed to meet their burden on that point the circuit court should have conducted an in-camera review and ordered the non-exempt portions of the record to be released and we would ask once more that your honors reverse the circuit court's determination and remand this case for additional in-camera review thank you very much any questions no i have none all right well thank you both the the hardest part i see in this case is timing um it's it's almost there was too much of a delay between um the initial release of what was released and what then the newspaper wanted so it's it's kind of hard to put a strong footage on some of the questions you guys raised but anyway you both laid out the arguments of the case very well and we'll do our best to see what we think about the timing thank you thank you for your time thank you